IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TAMMY ABRAMS-HAYES**
**and NYESHA TAYLOR**                                                                                       **PLAINTIFFS**

v.                                      Case No. 4:20-cv-01344 KGB

**ERC FOUNDATION, INC.**                                                                                **DEFENDANT**

## ORDER

Before the Court is the motion to dismiss of plaintiffs Tammy Abrams-Hayes and Nyesha Taylor ("plaintiffs") (Dkt. No. 10).  Plaintiffs state that they would like the Court to dismiss their case without prejudice because they are not in a position to move forward with the case at this time (*Id*., ¶ 1).  Defendant ERC Foundation, Inc. d/b/a Good Shepherd Community ("Good Shepherd") responds that it does not object to the case being dismissed, "as long as the dismissal is with prejudice." (Dkt. No. 11, ¶ 2).  Alternatively, Good Shepherd requests that any refiling of the complaint and pursuit of any claims be conditioned on plaintiffs' payment of Good Shepherd's attorneys' fees related to the defense of the case in general and to the filing of its own motion to dismiss or, in the alternative, to compel (*Id*., ¶ 3).

Because Good Shepherd has served an answer and a motion to dismiss or, in the alternative, to compel, this action may be dismissed at plaintiffs' request "only by court order, on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).  Generally, "in the federal courts, after answer, dismissals without prejudice should be granted only 'if no other party will be prejudiced.'" *Kern v. TXO Production Corp.*, 738 F.2d 968, 970 (8th Cir. 1984) (quoting 9 Wright & Miller, *Fed. Prac. & Proc. Civ.* § 2362 (1971)).  "By 'prejudice' in this context is meant something other than the necessity that defendant might face of defending another action.  That kind of

disadvantage can be taken care of by a condition that plaintiff pay to defendant its costs and expenses incurred in the first action." *Kern*, 738 F.2d at 970.

The Court grants plaintiffs' motion to dismiss with the following conditions: (1) that the suit be refiled in this Court; and (2) that no further discovery occur in the case without prior leave of the Court. The Court reserves ruling on any request for costs and fees until and if plaintiffs refile the case. If plaintiffs refile in federal court and if the Court determines that the payment of costs and fees in an amount to be determined is required, then plaintiffs shall be required to pay the costs and fees in the designated amount before the second action is permitted to proceed. *See* Fed. R. Civ. P. 41(d); *Kern*, 738 F.2d at 972. If plaintiffs refile in state court, Good Shepherd may apply for this Court to enter judgment against plaintiffs for an appropriate amount of costs and fees. *Kern*, 738 F.2d at 972.

Accordingly, subject to the conditions stated in this Order, the Court grants plaintiffs' motion and dismisses without prejudice plaintiffs' complaint (Dkt. No. 10). The Court denies as moot Good Shepherd's motion to dismiss or, in the alternative, to compel (Dkt. No. 8).

So ordered this the 22nd day of November, 2021.

_____
Kristine G. Baker
United States District Judge